Ben Travis (SBN 305641)
**BEN TRAVIS LAW, APC**
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966
ben@bentravislaw.com

JUSTIN HEWGILL (SBN 259528)
**EMPLOYEE JUSTICE LEGAL GROUP, PC**
1001 Wilshire Blvd. 2nd Floor
Los Angeles, CA 90017
Phone: (213) 394-3804
jhewgill@EJLGlaw.com

Attorneys for Plaintiff Ericka Alford

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICKA ALFORD, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINEAGE LOGISTICS SERVICES LLC; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**<u>CLASS ACTION</u>** |

Plaintiff ERICKA ALFORD ("Plaintiff"), by and through her attorneys, brings this class action on behalf of herself, and all other similarly situated non-exempt employees who are or were employed in California by LINEAGE LOGISTICS SERVICES LLC; and Does 1 through 25 inclusive (collectively "Lineage" or "Defendants"), during the Class Period (defined below). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## INTRODUCTION

1. This California-based class action is brought on behalf of Plaintiff and the Class[1] because of Defendants' systematic mistreatment of their employees, in violation of California's wage and hour laws.

2. Defendants control and operate a warehouse distribution and supply chain company specializing in refrigerated supply chains. Lineage operates distribution warehouse facilities throughout the state of California and employs numerous employees at those distribution facilities. Upon information and belief, the operations of each distribution facility in California are subject to the same employment policies, practices, and procedures.

3. Plaintiff worked as a non-exempt packer for Defendants at the West Sacramento warehouse and distribution facility from in or around September 2022 through in or around August 2023. Defendants compensated Plaintiff at an hourly rate of pay. Defendants also compensated Plaintiff on a regular basis with bonuses. Plaintiff worked five days a week during most weeks. Plaintiff regularly worked more than eight hours a day and more than 40 hours a week.

4. Plaintiff's duties for Defendants were exclusively warehouse duties, which included packaging, printing labels, labelling products, and loading and wrapping pallets, among other duties. Plaintiff and similarly situated employees of

[1] The "Class" is defined in paragraphs 55-58.

Defendants play a necessary role in Defendants' business, which is the operation of a national and international supply chain for grocery goods.

5. Defendants denied Plaintiff and other non-exempt employees in California specific rights afforded to them under the California Labor Code, and the applicable Industrial Welfare Commission Wage Order ("IWC Wage Order").

6. Defendants failed to authorize and permit Plaintiff and similarly situated employees to take legally mandated rest breaks by providing them breaks of less than 10 minutes. Defendants did this by failing to provide sufficient break time to allow Plaintiff and similarly situated employees to travel from their workstation to a break area or restroom (and return) and still have a full ten-minute uninterrupted break relieved of all duty. Similarly, Defendants failed to provide time or sufficient time for breaks on the system Plaintiff and other similarly situated employees were subject to. This had the result of discouraging taking breaks to avoid discipline and earn bonuses.

7. Defendants also failed to provide full uninterrupted timely meal breaks. They did this by discouraging meal breaks by providing only 30 minutes of respite or exception from the employer's quota or productivity requirements, even though it would take much longer to take meal breaks, when including the significant time to travel to and from break areas and points where Plaintiff and similarly situated employees could clock out for their meal breaks.

8. Defendants required employees to work off-the-clock, including but not limited to, working through meal breaks or meal breaks being interrupted. In addition, it took Plaintiff and Class members several minutes from when they entered the facility to get to the time clock to sign in for their shifts. In addition, Plaintiff and Class members were required to clean their workstations after clocking out at the end of their shifts.

9. Defendants also required Plaintiff and other Class members to purchase personal protective gear, including but not limited to jackets and gloves, for work purposes and did not reimburse them for those business expenses. Ostensibly,

Defendants provided these personal protective materials, but never had sufficient amounts. As such, Plaintiff and Class members were required to either incur the cost of procuring them or face unsafe conditions or both.

10. Derivatively, Defendants failed to timely pay Plaintiff and similarly situated employees all wages owed during employment and upon termination of employment and failed to and continues to fail to provide accurate wage statements and maintain accurate records as required by California law. Further the wage statements did not properly state the name and address of the legal entity that is the employer.

11. Defendants also violated the California quota laws by failing to provide employees with written descriptions of each quota and any potential adverse employment action that could result from failure to meet the quota. Defendants also violated the quota laws by requiring employees to meet quotas that prevented compliance with meal and rest periods and use of bathroom facilities, including reasonable travel time to and from bathroom facilities, and by taking adverse employment actions against employees, including termination, for failure to meet a quota that did not allow them to take meal and rest periods and use the bathroom facilities, including reasonable travel time to and from bathroom facilities, and for failure to meet a quota that had never been disclosed to them.

12. Finally, Defendants failed to provide places of employment that were safe and healthful, by failing to maintain a clean and temperature controlled environment and by blocking egress points. Additionally, Defendants failed to maintain usable toilet facilities that are accessible to employees at all times.

13. Upon information and belief, the above practices are uniform at all warehouses in the State of California and are still ongoing.

14. In order to redress the harms suffered, Plaintiff, on behalf of herself and the Class, brings claims associated with Defendant's violations of the California Labor Code and the applicable IWC Wage Order, including: (1) failure to pay all minimum,

wages for off-the-clock work; (2) failure to provide meal periods in violation of Labor Code §§226.7 and 512; (3) failure to provide rest periods in violation of Labor Code §226.7; (4) failure to reimburse for required business expenses; (5) failure to provide accurate wage statements in violation of Labor Code §226; (6) failure to timely pay wages when due at termination in violation of Labor Code §§201 and 202; (7) failure to comply with California quota laws in violation of Labor Code § 2100 *et seq.*; and (8) violation of the Unfair Competition Law ("UCL") pursuant to Business & Professions Code §17200, *et seq*.

## JURISDICTION AND VENUE

15. This Court has personal jurisdiction over Plaintiff because her domicile is in California.

16. This Court has personal jurisdiction over Defendants because Defendants conducted and continue to conduct substantial business in California, employ numerous individuals in California, and have intentionally availed themselves of the laws and markets of California through the operation of their business in California.

17. This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (California) and Defendant Lineage Logistics Services LLC (Delaware, Michigan) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

18. Venue is proper in this Court because Defendants employ numerous individuals in this District. Further, Plaintiff resides in this District, and a substantial portion of the acts giving rise to this action occurred in this District.

19. Plaintiff belongs to a class of employees who are exempt from the Federal Arbitration Act, as employees engaged in interstate commerce. Plaintiff, and the putative Class satisfy the two prong *Saxon v Southwest* test, in that their job descriptions and duties require them to engage in moving goods in interstate commerce, and they play a direct and necessary role in the movement of goods in interstate commerce. *Saxon v. Southwest Airlines Co.*, 596 U.S. 450, 455-59 (2022);

*Ortiz v. Randstad Inhouse Servs., LLC*, 2024 U.S. App. LEXIS 5863, __ F.4th __ (2024).

## PARTIES

### A. PLAINTIFF

20. Plaintiff is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of Yolo in the State of California.

21. During the Class Period, Plaintiff worked at one of Defendants' distribution facilities in West Sacramento, California. Plaintiff was employed by Defendants from in or around September 2022 through in or around August 2023.

### B. DEFENDANTS

22. Defendant LINEAGE LOGISTICS SERVICES LLC is a Delaware Limited Liability Company with its principal place of business at 46500 Humboldt Drive, Novi, MI 48377.

23. On information and belief, Defendants operate distribution center warehouses throughout the State of California and employ numerous employees in those warehouses.

24. Based on information and belief, Defendants had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiff's and other Class members' wages, hours, and working conditions.

25. Based on information and belief, wage and hour policies, including those which caused violations of California law addressed in this Complaint, were drafted and administered centrally between the various Defendants. Additionally, Defendants, each, had knowledge of the wage-and-hour violations alleged herein and each defendant had the power to prevent the violations from occurring. Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendants could have but failed to prevent the violations from occurring.

26. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 25, and therefore sues these defendants by such fictitious

names. Plaintiff will amend her Complaint to allege the true names and capacities when they are ascertained.

27. Plaintiff believes and thereon alleges that each "Doe" Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants and their acts.

28. Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendants, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

29. The tortious acts and omissions alleged herein were performed by Defendants' management level employees. Defendants allowed and/or condoned a continuing pattern of unlawful practices in violation of the California Labor Code, and have caused, and will continue to cause, Plaintiff's economic damage in an amount to be proven at trial.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

30. Defendants operate distribution center warehouses throughout the State of California. Workers at those warehouses are provided with roller stands or pallet jacks and are given assignments to complete. The assignments consist of moving their roller stands or pallet jacks up and down aisles in enormous warehouses, taking items off the shelves and loading them onto pallets to be ultimately shipped to customers and/or retail stores.

### Off-the-clock Work

31. Employees are required to work time off-the-clock both before and after their shifts.

32. Plaintiff and Class members had to enter the facility and then walk long distances before they clock or sign in. Therefore, that travel time (within the

warehouse) was uncompensated. This was repeated to leave the facility after clocking out.

33. Additionally, Defendants regularly required Plaintiff and Class members to finish tasks they were assigned, or tasks left incomplete by others after clocking out.

34. After clocking out at the end of their shifts and before they could go home, employees are required to doff their gear and clean their workstations.

**Meal Breaks**

35. Defendants regularly required Plaintiff and Class members to work long hours, well over 10 or 11 hours, but failed to provide second meal breaks.

36. Additionally, Defendants utilize a quota system which controls the employee's workday.

37. Employees are given a limited amount of time to complete each assignment. If they do not complete their assignments within the time allotted, they receive lower scores, are reprimanded and can be terminated.

38. Defendants expect employees to be back to their work station after 30 minutes. However, in order to clock out for the break, the employee must still clock out on a time clock at the breakroom. It takes approximately 5 or more minutes to go to the break room and the same amount of time to return after the break. Because an employee is required to take a 30-minute meal break on the time clock, this results in the quota system recording 40 minutes for a meal break and the employee is penalized 10 minutes on his or her performance, due to this 10 minute discrepancy between the quota system and time-clock.

39. Because employees are counseled, written up and terminated for even small performance rate issues, this results in employees not taking their breaks.

40. Plaintiff and other Class members are owed premiums for all of these missed meal periods.

/ / /

**Rest Breaks**

41. For rest breaks, employees are allocated 15 minutes for each rest break (and on some occasions only 10 minutes).

42. However, it takes the employee approximately 5 or more minutes each way to go to and from either the restroom or the break room.

43. As a result, Plaintiff and other Class members are only provided with approximately 5-minute rest breaks.

44. Plaintiff and Class members must store their pallet jacks, lifts, or other equipment prior to going on break, which often requires moving said equipment long distances across the warehouse they work in. This time is counted against their 15 minutes in which they are relieved of timing obligations under the quota system. The result is that Plaintiff and Class members are penalized for taking breaks under the quota system and are not relieved of all duty for a full 10 minutes.

45. Finally, due to the urgent need to complete tasks in a timely fashion, Defendants would regularly require Plaintiff and Class members to either skip or interrupt their breaks.

46. Plaintiff and other Class members are owed premiums for those missed rest periods.

**Unreimbursed Expenses**

47. Defendants also require employees to purchase personal protective equipment including gloves, masks, goggles, heavy jackets and steel-toed shoes which they must use when working in the warehouses. Defendants do not reimburse them for the cost of these items.

**Wage Statements**

48. Because of Defendants' failure to record all hours worked and failure to pay all wages and premiums owed, the wage statements they issue to employees are incorrect.

49. The wage statements also do not accurately state the name and address of

the employer.

**Termination of Employment**

50. When Plaintiff's employment with Defendants ended, Defendants failed to pay her all money that she was owed, as a result of not paying her for off-the-clock work and not paying meal and rest break premiums as alleged above.

**Failure to Comply with Quota Laws**

51. Defendants failed to provide employees with a written description of applicable quotas and any potential adverse employment action that could result from failure to meet the quota. Defendants also required Plaintiff and other Class members to meet quotas that prevented compliance with meal and rest periods and use of bathroom facilities, including reasonable travel time to and from bathroom facilities. Defendants took adverse employment actions against Plaintiff and other Class members, including termination, for failure to meet a quota that did not allow them to take meal and rest periods and use the bathroom facilities, including reasonable travel time to and from bathroom facilities, and for failure to meet a quota that had never been disclosed to them as required by Section 2101.

52. Plaintiff is informed and believes that all of the above practices she experienced were not unique to her but rather were companywide policies and practices at all distribution facilities in the State of California and were suffered by all non-exempt employees.

53. Plaintiff is informed and believes that the unlawful wage and hour policies described in this action are set centrally and are applicable through-out California.

54. Plaintiff is informed and believes that the unlawful wage and hour policies described in this action are still ongoing.

## CLASS ACTION ALLEGATIONS

55. Plaintiff brings this class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

All Non-Exempt current and former employees of Defendants

who were employed at a warehouse in California during the Class Period.

56. "Non-Exempt" means employees that are not exempt from California wage and hour laws pursuant to Labor Code §515(a); 8 Cal. C. Regs. §11010, et seq.

57. "Class Period" means the period from four years prior to the filing of this action, through the date of final disposition of this action.

58. Excluded from the Class are Defendants, their officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling interest, and any Judge assigned to this case and their immediate families.

59. Plaintiff reserves the right to amend or modify the definition of the Class to provide greater specificity and/or further division into subclasses or limitation to particular issues.

60. **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of class members is presently unknown, but it is believed that there are several thousand class members in the Class. The identity of the Class Members is ascertainable and can be determined based on records maintained by Defendants.

61. **Predominance of Common Questions:** There are multiple questions of law and fact common to the Class that will predominate over questions affecting only individual class members. The questions of fact that are common to the Class members and predominate over questions that may affect individual Class members, include, whether Defendants:

a) Failed to pay Plaintiff and members of the Class all of their earned wages and compensation;
b) Failed to authorize and permit Plaintiff and members of the Class to take all rest periods to which they were entitled by the applicable laws;
c) Failed to provide Plaintiff and members of the Class the opportunity to

take all meal periods to which they were entitled by the applicable laws;

d) Failed to track Class members' meal periods;

e) Failed to pay Plaintiff and members of the Class one hour of pay at their regular rate of compensation for each earned rest period not permitted and/or each earned meal period not provided;

f) Failed to timely pay Plaintiff and members of the Class all their earned wages and compensation;

g) Failed to furnish to Plaintiff and members of the Class accurate, itemized wage statements compliant with Labor Code §226;

h) Failed to timely pay Plaintiff and members of the Class all of their earned wages, compensation and benefits immediately upon termination of their employment or within seventy-two hours of them quitting;

i) Failed to reimburse employees for the purchase of personal protective equipment; and/or

j) Failed to comply with California quota laws.

62. The questions of law that are common to the Class members and predominate over questions that may affect individual Class members, include:

a) Whether the provisions of the Labor Code include the employer's obligation to pay all earned wages and to pay all such earned wages at the time of the termination of a member of the Class's employment;

b) Defendants' legal obligation to permit members of the Class to take paid rest periods of ten (10) consecutive, uninterrupted minutes for shifts of at least four hours or major fraction thereof and a second rest period for shifts in excess of six hours;

c) Defendants' legal obligation to provide members of the Class the opportunity to take meal periods of thirty (30) consecutive, uninterrupted minutes for shifts in excess of five hours and a second meal period for shifts in excess of ten hours;

d) The Class members' entitlement to one hour of pay at the members' regular rate of compensation for each paid ten (10) consecutive minute, uninterrupted, rest period that Defendants did not permit the Class members to take;

e) The Class members' entitlement to one hour of pay at his/her regular rate of compensation for each thirty (30) consecutive minute, uninterrupted, meal period that Defendants did not provide;

f) The requirements for a wage statement to be compliant with Labor Code §226; and/or

g) What remedies, including restitution, compensatory damages, statutory and civil penalties, additional wages and disgorgement of revenue, are available under California law to members of the Class who were not paid all earned wages, compensation and benefits; were not timely paid all earned minimum wages, compensation and benefits; were not paid all wages and premium compensation earned at the time of the termination of their employment relationship with Defendants; were not provided lawful wage statements; were not permitted to take earned ten (10) minute rest periods; and were not provided earned thirty (30) minute meal periods;

63. **Typicality:** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all putative Class members were subject to, and affected by, Defendants' systemic policies and practices alleged herein.

64. **Adequacy:** Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. Plaintiff is represented by experienced and competent Class Counsel. Class Counsel have litigated numerous class actions. Class Counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiff and Class Counsel can fairly and adequately protect the interests of

all of the Members of the Class.

65. **Superiority:** The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**

**Failure to Pay all Regular Wages (Off-the-Clock Work)**

**[Cal. Labor Code §§ 200, 204, & 1194]**

66. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

67. Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

68. Labor Code section 1197 states "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

69. Labor Code section 1197.1 (a) states "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203..."

70. As provided for in Section 1197.1(a)(1), for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

71. Section (B) of the "Minimum Wages" provision of the applicable IWC Wage Order states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

72. As set forth above, Defendants required Plaintiff and other Class members to work off-the-clock. Defendants did not compensate Plaintiff and the Class members for the time spent working for Defendants before they clocked in and after they clocked out.

73. As such, Plaintiff and other Class members are owed wages for those unpaid hours.

74. Plaintiff and other Class members are entitled to recover from Defendants all of such unpaid regular pay, with pre-judgment interest, and reasonable attorneys' fees, and costs of suit pursuant to Labor Code § 1194.

## SECOND CAUSE OF ACTION

### Failure to Provide Meal Breaks or Compensation in Lieu Thereof

### [Cal. Labor Code §§ 226.7 & 512]

75. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

76. Pursuant to Labor Code § 512, no employer shall employ any person for a work period in excess of five (5) hours without providing a meal period of at least thirty (30) minutes. *See also* the applicable IWC Wage Order, item 11. During this meal period of no less than thirty (30) minutes, the employer must completely relinquish any and all control over the employee and the employee must not engage in any work-related activity for the employer. *Brinker Restaurant* Corp. v. *Superior Court* (2012) 53 Cal.4th 1004, 1040. If the employee performs any work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. *Id.* Additionally, California law does not permit an employer to employ an individual for a work period in excess of ten (10) hours without providing a second meal period of at least thirty (30) minutes. Labor Code § 512; the applicable IWC Wage Order, item 11. If the employer fails to provide an employee with a legally compliant meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Labor Code § 226.7; the applicable IWC Wage Order, item 11.

77. Plaintiff contends that as a policy, practice, guideline and/or procedure, Defendants failed to provide meal breaks to their employees. Specifically, Defendants set up their system such that an employee was penalized for trying to take a full 30-minute meal period. Therefore, employees were prevented from taking meal breaks. As such, Plaintiff and other Class members were not relieved of duty and were not provided legally adequate meal breaks.

78. Because of the unlawful acts of Defendants, Plaintiff and the other members of the Class have been deprived of wages and other compensation, which is an amount resulting directly from the acts complained of. Plaintiff and the other Class members are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the meal period was not provided, plus interest thereon and costs of suit in an amount to proven at or following trial of this matter. Lab. Code §226.7(c) and the applicable IWC Wage Order, ¶11(B).

79. Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## **THIRD CAUSE OF ACTION**

### **Failure to Authorize and Permit Rest Breaks or Compensation in Lieu Thereof**
### **[Cal. Labor Code § 226.7]**

80. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

81. The applicable IWC Wage Order, item 12 requires employers to authorize and permit off-duty rest periods during which an employee must be relieved of any and all work-related duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269. Additionally, a lawful off-duty rest period is not provided where an employer fails to relinquish control over how employees spend their time. *Id*. Under Labor Code § 226.7, an employer is required to pay an employee one (1) additional hour of pay at the employee's regular rate of pay for each workday in which a lawful rest period was not provided. *See also* the applicable IWC Wage Order.

82. As set forth above, Defendants consistently did not authorize and permit full 10-minute off-duty rest breaks.

83. Because of the unlawful acts of Defendants, Plaintiff and the Class have been deprived of wages, which is an amount resulting directly from the acts complained of. Plaintiff and other members of the Class are entitled to recover one

additional hour of pay at his or her regular rate of compensation for each workday that the rest period was not permitted, plus interest thereon and costs of suit in an amount to be proven at or following trial of this matter. *See,* the applicable IWC Wage Order, ¶12(B).

84. Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

**FOURTH CAUSE OF ACTION**

**Failure to Reimburse Expenses**

**[Cal. Labor Code § 2802]**

85. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

86. Labor Code section 2802(a) provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

87. Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

88. Furthermore, Labor Code section 2802(c) states "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

89. Defendants required Plaintiff and other Class members to purchase personal protective equipment as a condition of employment. Plaintiff and other Class

members were not reimbursed for this necessary expense which was required for the benefit of their employer.

90. Defendants did not compensate Plaintiff and Class members for these costs incurred in the discharge of their duties and they are entitled to recover these expenses. Plaintiff and other Class members also seek recovery of interest, attorney's fees and costs to the extent allowed by law.

**FIFTH CAUSE OF ACTION**

**Failure to Provide Accurate Wage Statements**

**[Cal. Labor Code § 226]**

91. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

92. Labor Code § 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

93. Labor Code § 226.3 provides that "Any employer who violates

subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars·($1,000) per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

94. In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Plaintiff is entitled to an award of costs and reasonable attorney's fees.

95. Section (B) of the "Records" provision of the applicable IWC Wage Order states that "Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and ( 4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

96. Defendants failed to provide accurate itemized wage statements as required by Labor Code §226.

97. Due to Defendants not paying for all hours worked and not paying meal and rest period premiums, Defendants do not record proper hours and wages, and do not provide legally compliant wage statements accurately accounting for hours, wages, deductions, etc. Nor do the wage statements properly state the name and address of the legal entity that is the employer.

98. Labor Code §§226(e) and (h) provide for the remedy for wage statement violations:

(e) An employee suffering injury as a result of a knowing and intentional

failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(h) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

99. By knowingly and intentionally failing to keep accurate time records and failing to provide proper wage statements as required by Labor Code §§226, 1174(d), and the applicable IWC Wage Order, ¶7, Defendants have injured Plaintiff and the other members of the Class and made it difficult to calculate the unpaid wages owed, and losses and expenditures not indemnified by Defendants (including wages, interest and penalties thereon) due Plaintiff and the Class.

100. Because of Defendants' unlawful acts, Plaintiff and the Class are entitled to bring this action to recover damages, ensure compliance and recover costs and reasonable attorneys' fees. Lab. Code §226(e)-(h).

## SIXTH CAUSE OF ACTION

**Failure to Pay All Wages Due Upon Termination**

**[Cal. Labor Code §§ 201-203]**

101. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

102. Labor Code § 201 states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

103. Labor Code § 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and

payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

104. Labor Code § 203(a) states, in relevant part; "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

105. Labor Code § 204(a) states in pertinent part "All wages... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

106. Defendants failed to pay Plaintiff and the other Class members all minimum wages and meal and rest period wages due and owing during and upon termination of employment. Defendants willfully failed to pay all wages when required by §§ 201 and 202 of the Labor Code. Therefore, Defendants owe waiting time penalties to all affected employees including Plaintiff.

107. Defendants failed to pay earned wages to Plaintiff and members of the Class upon their termination and/or within 72 hours of the last day of their employment with Defendants. More than 30 days have passed since Plaintiff and members of the Class have been terminated and/or quit Defendants' employ.

108. Because of Defendants' willful conduct in not paying all wages due upon discharge and/or resignation of employment, Plaintiff and the other members of the Class are entitled to 30-days' wages as a penalty under Labor Code §203, plus interest thereon. Pursuant to Labor Code §218.5, Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs.

//

//

## SEVENTH CAUSE OF ACTION

**Failure to Comply with California Quota Laws**

**[Cal. Labor Code § 2100 *et seq.*]**

109. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

110. Labor Code § 2101 provides that each employer that employs 100 or more employees at a single warehouse distribution center in California, or 1,000 employees at one or more warehouse distribution centers in California, shall provide upon hire or within 30 days of the effective date of this part, a written description of each quota to which the employee is subject, including the quantified number of tasks to be performed or materials to be produced or handled, within the defined time period, and any potential adverse employment action that could result from failure to meet the quota.

111. Labor Code § 2102 provides that an employee shall not be required to meet a quota that prevents compliance with meal or rest periods, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards. An employer shall not take adverse employment action against an employee for failure to meet a quota that does not allow a worker to comply with meal and rest periods, or occupational health and safety laws in the Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the employee pursuant to Section 2101.

112. Labor Code § 2103 provides:

> (a) Any actions taken by an employee to comply with occupational health and safety laws in the Labor Code or division standards shall be considered time on task and productive time for purposes of any quota or monitoring system.

> (b) Notwithstanding subdivision (a), consistent with existing law, meal and rest breaks are not considered productive time unless the employee is required to remain on call.

113. Defendants are subject to the above-mentioned Labor Code provisions because their warehouses qualify as "warehouse distribution centers" under Labor Code § 2100(i) and they qualify as "employers" under Labor code § 2100(f) because they employ or exercise control over the wages, hours, or working conditions of 100 or more employees at the Sacramento facility and over 1000 employees at all warehouse distribution centers in the State of California.

114. Defendants failed to provide employees with a written description of applicable quotas and any potential adverse employment action that could result from failure to meet the quota. Defendants also required Plaintiff and other Class members to meet quotas that prevented compliance with meal and rest periods and use of bathroom facilities, including reasonable travel time to and from bathroom facilities. Similarly, the quota system prevented Plaintiff and other Class members from taking breaks because it failed to account for or treat time traveling to and from break areas as productive in the quota such that Plaintiff and other Class members were penalized under the quota for taking breaks.

115. Defendants took adverse employment actions against Plaintiff and other Class members, including termination, for failure to meet a quota that did not allow them to take meal and rest periods and use the bathroom facilities, including reasonable travel time to and from bathroom facilities, and for failure to meet a quota that had never been disclosed to them as required by § 2101.

116. Labor Code § 2108 provides that "[a] current or former employee may bring an action for injunctive relief to obtain compliance with Sections 2101 to 2104, inclusive, and may, upon prevailing in the action, recover costs and reasonable attorney's fees in that action. In any action involving a quota that prevented the compliance with regulations promulgated by the Occupational Safety and Health

Standards Board, the injunctive relief shall be limited to suspension of the quota and any adverse action that resulted from its enforcement."

117. Plaintiff on behalf of herself and other Class members seeks injunctive relief for Defendant's violations of the quota laws.

118. Plaintiff also seeks costs and reasonable attorneys' fees.

## <u>EIGHTH CAUSE OF ACTION</u>

### Violation of the Unfair Competition Law

### [Business & Professions Code § 17200 *et seq.*]

119. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

120. Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §17200*, et seq.* The actions of Defendants as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

121. Defendants have conducted the following unlawful activities:

a) violations of Labor Code §§ 200, 204, and 1194 by requiring Plaintiff and the Class to work off-the-clock and not paying them minimum wages for those hours worked;

b) violations of Labor Code §§512 and 226.7, and the applicable IWC Wage Order, ¶11, by failing to provide and/or precluding Plaintiff and the Class from taking a 30-minute restrictive-free meal period after working more than five hours per day and by failing to provide one hour of pay at Plaintiff's and the Class's regular rates of compensation for each work day that the meal periods were not provided;

c) violations of Labor Code §226.7 and the applicable Wage Order ¶12, by failing to provide and/or precluding Plaintiff and the Class from taking rest periods and by failing to provide one hour of pay at Plaintiff's and the Class's regular rates of compensation for each work day that the rest periods were not provided;

d) violations of Labor Code §§226, 1174, 1174.5, and the applicable IWC Wage Order, ¶7, by failing to maintain and provide Plaintiff and the Class with accurate payroll and time records;

e) violations of Labor Code §204 by failing to timely pay all earned wages to Plaintiff and the Class;

f) violations of Labor Code §§201, 202, 203, 204 and 210 by failing to pay earned wages to Plaintiff and the Class upon their termination and/or within 72 hours of the last day of their employment with Defendants or upon regularly scheduled pay days required by California law;

g) violations of Labor Code § 2802, by not reimbursing for required business expenses;

h) violations of Labor Code § 2101-2103 by not complying with the California quota laws.

i) And/or any other violations of applicable law and/or unfair and/or fraudulent practices arising from the allegations stated herein.

122. Defendants' activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and the Class.

123. The identified violations of the Labor Code, Wage Order, Regulations, laws, and public policy constitute business practices because they were done repeatedly over time and in a systematic manner to the detriment of Plaintiff and the Class

124. Because of Defendants' violations of the Labor Code, Wage Order, Regulations, laws, and public policy, Plaintiff and the Class have suffered injury-in-fact and have lost money or property because of Defendants' practices. This injury-in-fact and loss of money or property consists of the lost wages and other

restitutionary remedies provided by the Labor Code, Regulations, Wage Order, laws and public policy as detailed in this Complaint and other resulting harms. Plaintiff and the Class are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law. Specifically, there is no adequate remedy at law for unpaid wages which occurred more than three years prior to the filing of this action, while the Unfair Competition Law allows for restitution for four years.

125. As a direct and proximate result of the unfair business practices of Defendants, Plaintiff and the Class are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully lost as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

126. The unlawful and unfair conduct alleged herein is continuing. Plaintiff believes and alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to violate the noted laws.

127. Plaintiff and the Class are also entitled to and hereby claim attorneys' fees and costs, pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5), and any other applicable provision for attorney fees and costs, based upon the violation of the underlying public policies.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. That the Court certify this action as a Class Action under FRCP 23 and appoint Plaintiff as representative of the Class and her attorneys as Class Counsel;
2. For nominal, actual, exemplary and compensatory damages, including lost wages, according to proof at trial;

3. For restitution of all monies, wages, expenses, and costs due to Plaintiff and the Class;
4. For liquidated damages under Labor Code § 1194.2;
5. For reasonable attorneys' fees, costs and expenses pursuant to Labor Code §§ 218.5, 226, 1194, 2108, 2802, and Code of Civil Procedure § 1021.5;
6. For pre-judgment and post-judgment interest, to the extent allowable by law, including but not limited to pre-judgement interest authorized under Labor Code § 218.6;
7. For all applicable statutory penalties recoverable under Labor Code §§203, 210, 226, 558, and as otherwise authorized by statute or law;
8. For injunctive relief under Labor Code § 2108 to obtain compliance with Labor Code §§ 2101-2103
9. For any other appropriate declaratory relief;
10. For all such other and further relief as the Court deems proper and just under all the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all claims so triable.

DATED: June 18, 2025

**BEN TRAVIS LAW, APC**

/s Ben Travis
Ben Travis, Esq.
Attorneys for Plaintiff